**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) ALTON EASLEY<br>(2) RONALD GREEN<br>(3) DONALD GREEN<br>(4) JOHN TOWNSEND<br>(5) ANDRE GIBSON<br>(7) ROMMEN ENRIQUE SANCHEZ<br>(8) ELOZIA ROGERS<br>(9) CHRISTOPHER HALL<br>(10) PHILLIP BROWN<br>(11) RODERICK FLETCHER<br>(12) JERMAINE MATHIS JR.<br>(13) BRAD DESHOUTEL<br>(14) ROLAND GARCIA<br>(15) SEDRICK MCCARTHER<br>(16) BENNY OCHOA JR.<br>(17) CALVIN HOUSTON<br>(18) MARIA G PALOMO DE MEDINA<br>(19) DEREK BYRD | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Case No. 1:24-CR-00100-RP |

**JOINT MOTION TO CONTINUE AND
DESIGNATE AS COMPLEX CASE**

The defendants in the above captioned case, together with the government, move jointly for an order to continue the current trial setting and all current pretrial dates for a period of 180 days and to designate the case as complex for purposes of the Speedy Trial Act. This is the defendants' second motion for a continuance.

**CURRENT TRIAL SETTING AND OTHER DEADLINES**

This case is currently set for Hearing on all Pending Pretrial Motions and Docket Call on October 25, 2024, 2024, at 9:00 am. (Doc. No. 334). The case is set for Jury Selection and Trial on November 4, 2024, at 9:30 am. *Id.* In accordance with *United States v. Ellis*, 547 F.2d 863 (5th

Cir. 1977), any plea bargain or plea agreement entered into by the parties in this cause shall be made known in writing to the Court on or before October 17, 2024. *Id.*

## LEGAL STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). If the defendant is not tried within this period, the indictment must be dismissed. The Act, however, excludes from calculation of this seventy (70) day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). The Act further sets forth a number of factors that the Court must consider in granting an "ends of justice" continuance. *Id.* § 3161(h)(7)(B); *see also United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002). The factors applicable to this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would... result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and
>
> (iii) Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would... deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B).

## FACTS

The two-count indictment in this case alleges nineteen (19) defendants engaged in one or more unlawful acts, including a conspiracy with the intent to distribute cocaine and a conspiracy to commit money laundering. (Doc. No. 207).  The charges are further complicated in the sense that for the drug conspiracy, defendants are divided into one of two groups, those who conspired to distribute five kilograms or more of cocaine, and those who conspired to distribute 500 grams. *Id.* at 2.  In addition to the drug conspiracy, the United States alleges that five defendants engaged in money laundering. *Id.* at 3.  The United States also provided notice of its intent to seek the forfeiture of property that the government can trace to the alleged unlawful activity. *Id.* at 4-5.

Moreover, the volume of discovery in this case is voluminous.  A 256 GB ("gigabyte") hard drive was needed to obtain the first round of discovery, which consisted of wiretap recordings and transcripts, reports, photographs, law enforcement dashboard and bodycam videos, and search warrant returns.  The wiretaps alone consist of intercepts from seven (7) different devices over various lengths of time and a substantial number of pertinent communications.  As recently as September 4, 2024, the government informed defense counsel that an additional 256 GB hard drive would be needed to obtain additional materials relating to search warrants, DEA reports, and lab reports.

Given the voluminous discovery, especially the timing of the second round of discovery, and the complexity of the litigation involved in this matter, the movants are jointly requesting designation of this matter as a complex case, tolling of speedy trial provisions, and continuance of the current trial date.

**ARGUMENT**

The complexity of this case, the nature of the prosecution, number of the defendants, and the volume and timing of discovery support granting an "ends of justice" continuance. *See Bieganowski*, 313 F.3d at 282. Here, we have 19 defendants, two complex conspiracies, and voluminous discovery. The government has now produced over 500 GB of data to defendants, including a 256 GB hard drive that defendants have not yet received. To put 500 GBs of discovery material into perspective, the amount of current discovery is equivalent to approximately 100,000 photos, 100 hours of high-resolution video, 100,000 songs, or millions of documents. The amount of discovery alone requires further time for trial preparation and supports an "ends of justice" continuance under 18 U.S.C. § 3161(h)(7)(b)(iv) and the *Bieganowski* factors.

The undersigned conferred with Assistant U.S. Attorney Karthik Srinivasan and counsel for all defendants concerning the basis for this motion, and all indicated that they agreed to join the motion.

FOR THE REASONS stated above, the United States of America and all defendants named in this motion[1] respectfully request that the Court enter an order continuing all deadlines for a period of 180 days, or any date thereafter that is more convenient for the Court and designating the case as complex for purposes of the Speedy Trial Act.

Dated: September 16, 2024

Respectfully submitted,

*/s/ Kevin D. Collins*
Kevin D. Collins
Texas Bar No. 240504438
Bracewell LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
(512) 494-3640

---

[1] Our understanding is that counsel for defendants Rommel Enrique Sanchez (7) and Elozia Rogers (8) agree with this motion but prefer to file their own separate motions seeking a continuance and complex designation.

-5-

    (800) 404-3970 fax
    Kevin.collins@bracewell.com

    *Counsel for Defendant Ronald Green*

    */s/ John Hammond Wofford*
    John Hammond Wofford (signed with permission)
    Texas Bar No. 21839500

    *Counsel for Defendant Alton Easley*


    */s/ Christopher L. Peele*
    Christopher L. Peele (signed with permission)
    Texas Bar No. 24013308


    *Counsel for Defendant Donald Green*


    */s/ Christopher L. Tolbert*
    Christopher L. Tolbert (signed with permission)
    Texas Bar No. 24080530


    *Counsel for Defendant John Townsend*


    */s/ Jeff Senter*
    Jeff Senter (signed with permission)
    Texas Bar No. 18028400


    *Counsel for Defendant Andre Gibson*


    */s/ Laurie Hess Drymalla*
    Laurie Hess Drymalla (signed with permission)
    Texas Bar No. 00794222


    *Counsel for Defendant Christopher Hall*

<u>/s/ Doyle L. Young</u>
Doyle L. Young (signed with permission)
Texas Bar No. 00797718

*Counsel for Defendant Phillip Brown*

<u>/s/ Jon Evans</u>
Jon Evans (signed with permission)
Texas Bar No. 00787445

*Counsel for Defendant Roderick Fletcher*

<u>/s/ Richard Gentry</u>
Richard Gentry (signed with permission)
Texas Bar No. 24055543

*Counsel for Defendant Jermaine Mathis, Jr.*

<u>/s/ Tracy D. Cluck</u>
Tracy D. Cluck (signed with permission)
Texas Bar No. 00787254

*Counsel for Defendant Brad Deshoutel*

<u>/s/ Joey Contreras</u>
Joey Contreras (signed with permission)
Texas Bar No. 04712320

*Counsel for Defendant Ronald Garcia*

<u>/s/ Novert A. Morales</u>
Novert A. Morales (signed with permission)
Texas Bar No. 00791297

*Counsel for Defendant Sedrick Mccarther*

<u>/s/ Jorge Vela</u>
Jorge Vela (signed with permission)

Texas Bar No. 24077818

*Counsel for Defendant Benny Ochoa, Jr.*

*/s/ Bristol Myers*
Bristol Myers (signed with permission)
Texas Bar No. 24009734

*Counsel for Defendant Calvin Houston*

*/s/ Hipolito Gonzalez, III*
Hipolito Gonzalez, III (signed with permission)
Texas Bar No. 24047760

*Counsel for Defendant Maria G Palomo De Medina*

*/s/ Kleon C. Andreadis*
Kleon C. Andreadis (signed with permission)
Texas Bar No. 24100591

*Counsel for Defendant Derek Byrd*

*/s/ G. Karthik Srinivasan*
G. Karthik Srinivasan (signed with permission)

*Counsel for United States of America*

-7-

## CERTIFICATE OF CONFERENCE

I certify that on Friday, September 13, 2024, counsel for Defendant Ronald Green conferenced with counsel for the United States to discuss the need for this motion. Counsel for the United States agreed to join the motion. Separately, counsel for Mr. Green emailed all defense counsel, who agreed to join the motion. Counsel for defendants Rommel Enrique Sanchez (7) and Elozia Rogers (8) will file their own separate motions.

## CERTIFICATE OF SERVICE

I certify that on September 16, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all case participants.

*/s/ Kevin D. Collins*
Kevin D. Collins